UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAROLD WRIGHT, JR. and SYDNI WRIGHT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>PIERCE COUNTY, a municipal corporation; et al.,<br><br>Defendants. | CASE NO. C11-5154BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO STAY |

This matter comes before the Court on Plaintiffs' motion for remand (Dkt. 10) and Defendants' motion for stay of proceedings pending resolution of a criminal case (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion to remand and grants the motion to stay for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 9, 2011, Defendants moved to stay proceedings in this case pending resolution of Plaintiff Harold Wright's parallel criminal case. Dkt. 7. On March 21, 2011, Plaintiffs responded in opposition to the motion for stay. Dkt. 13. On March 25, 2011, Defendants replied.

On March 10, 2011, Plaintiffs moved to remand this case to state court. Dkt. 10. On March 21, 2011, Defendants responded in opposition to the motion for remand. Dkt. 12. On March 25, 2011, Plaintiffs replied.

## II. FACTUAL BACKGROUND

Plaintiff Harold Wright ("Wright") is a former employee of the Tacoma School District, most recently principal of Baker Middle School. Complaint (Dkt. 1) ¶ 2.1. On or about January 30, 2004, Wright came in contact with a former pupil of his, Sarah Failey ("Failey"). *See, e.g., id*. ¶¶ 2.3, 2.5. The two ended up at a house party on the same night. *See id*. ¶ 2.10. Following the events that occurred on or about January 30, 2004, Wright was charged and later convicted of rape in the second degree. *Id*. ¶ 2.46. The Washington State Court of Appeals overturned Wright's conviction. *Id*.

Following the reversal, Wright and his wife filed the instant action in state court. *See* Dkt. 1 (removal documents). Plaintiffs allege the following causes of action: (1) 1441 U.S.C. 1983, civil rights violations; (2) 42 U.S.C. 1981, civil rights violations; (3) negligent training; (4) negligent retention; (5) outrage and intentional infliction of emotional distress; (6) abuse of process; and (7) spoliation of evidence.

On February 24, 2011, Defendants removed pursuant to this court's federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 (removal made pursuant to 28 U.S.C. §§ 1331 and 1441(b)).

Additionally, it is undisputed that Wright's criminal proceeding was set for retrial on March 14, 2011. Wright also concedes that his civil case and criminal case are parallel and, should he be convicted in the retrial, "many of his civil claims would be rendered moot." Dkt. 13 at 5, 9.

## III. DISCUSSION

**A.   Plaintiffs' Motion to Remand**

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or other laws of the United States *shall be removable* without regard to the citizenship or residence of the parties." 28

U.S.C. § 1441(b) (emphasis added). Because Plaintiffs allege at least one federal claim, the Court has original jurisdiction over this matter.

Therefore, Plaintiffs' motion for remand is denied.

## B.   Defendants' Motion to Stay

Defendants move to stay this civil proceeding pending the end of Wright's parallel criminal proceeding.

In such cases, Fifth Amendment concerns due to overlap in issues in the criminal and civil case may be sufficient to warrant a stay. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich.2007). Some courts have gone so far as to recognize the extent of the overlap as the "most important factor." *See id.* at 1039. Additionally district courts generally consider the following factors when determining whether to stay a civil matter in the face of a parallel criminal matter:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interests of the courts; and (6) the public interest.

*Javier H. V. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) (citing *Sidari v. Orleans County*, 180 F.R.D. 226, 228 (W.D.N.Y. 1997)); *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y.1995); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). In the instant case, each of these factors weighs strongly in favor of granting a stay.

### 1.   Wright's Fifth Amendment Rights

Here, while Plaintiffs argue that Wright ostensibly waived his Fifth Amendment right when he testified in his previous criminal proceeding, the Court disagrees with such claim. It appears that any waiver of Wright's Fifth Amendment right extends only to his testimony given during cross-examination in the prior criminal trial, which was, of

course, limited to the scope of his direct testimony. *See State v. Epefanio*, 156 Wn. App. 378, 388 (2010).

Moreover, any attempt by Defendants in this civil action to depose Wright will implicate his Fifth Amendment rights. If discovery moves forward, Wright will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights. *Jones v. Conte*, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)). Here, since the simultaneous civil and criminal proceedings involve the same or closely related facts, Fifth Amendment concerns weigh in favor of granting a stay. See *United States v. Booth*, 2010 WL 315543 (E.D. Cal. Jan. 19, 2010) (Ishii, J.) (staying a civil case completely until resolution of the parallel criminal case); *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Financial*, Inc., 2009 WL 2136986, at *2 (E.D. Cal. Jul. 15, 2009) (Damrell, J .) (granting a six-month stay of all proceedings in a civil fraud case when a parallel criminal case was ongoing because "[b]oth the civil and criminal cases arise from the alleged scheme to defraud . . . [, and as] such, the pending civil litigation may substantially implicate defendants' Fifth Amendment rights against self-incrimination, create unnecessary complexities with respect to discovery, expose defendants' strategy or theories with respect to the criminal case, or otherwise prejudice the pending criminal proceedings."); *Acacia Corporate Management, LLC v. United States*, 2009 WL 1531099 (E.D. Cal. May 28, 2009) (Ishii, J.) (granting stay of civil action until the resolution of the parallel criminal case); *S.E.C. v. Schroeder*, 2008 WL 152227 (N.D. Cal. Jan. 15, 2008) (postponing the deposition of the defendant in a civil action for four months because there was an ongoing criminal investigation that might implicate him, even though no criminal charges had even been brought against him); *Rodriguez v. Summit Mortg. Realty, Inc.*, 2007 WL 2029323 (N.D. Cal. July 11, 2007) (continuing a stay of civil proceedings for seven months or until the

ORDER - 4

criminal trial was complete, whichever came first, because of Fifth Amendment concerns, and stating that "[w]hile the court and the public generally have an interest in the expeditious resolution of litigation, under the circumstances presented here, the court concludes that, on balance, the interests of justice require an extension of the stay of these proceedings); *see also McCormick v. Rexroth*, 2010 WL 934242 (N.D. Cal. Mar. 15, 2010); *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008); *Souza v. Schiltgen*, 1996 WL 241824 (N.D. Cal. May 6, 1996); *Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996).

### 2. Other Factors

Here, Plaintiffs concede that this civil action and Wright's criminal action are parallel. Plaintiffs also concede that, depending on the outcome of the parallel criminal trial, many of their causes of action may be mooted. It would make little sense to permit this case to continue when many of the issues could be mooted by the criminal case, and it makes equally little sense to bifurcate these issues. These facts, coupled with the Fifth Amendment concerns identified above, are alone sufficient to warrant a stay in this case.

Another factor in favor of staying this case is judicial economy. the Court's docket would be better served by staying this case pending the outcome of the criminal trial. The potential is high for unnecessary complexity, overlapping issues, duplicative rulings, and conflict between the rulings of this Court and that of the criminal court and staying the matter will be a more prudent and efficient management of resources.

On balance, to the extent the parties' respective interests and the public's interest weigh in favor of denying a stay, such interests are insufficient to overcome the need to stay this matter for the reasons discussed above.

## IV. ORDER

Therefore, it is hereby **ORDERED** that

(1) Plaintiffs' motion for remand is **DENIED**;

(2) Defendants' motion to stay is **GRANTED**, and the stay will remain in effect until the parallel criminal action ends; and

(3) Defendants are directed to **FILE** a written status report every six months to apprise the court of the proceedings in the criminal case, beginning on October 1, 2011.

DATED this 4th day of April, 2011.

BENJAMIN H. SETTLE
United States District Judge