UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD H. WRIGHT, JR., and SYDNI WRIGHT, husband and wife,

Plaintiffs,

v.

PIERCE COUNTY, et al.,

Defendants.

CASE NO. C11-5154 BHS

ORDER

This matter comes before the Court on review of the parties' multiple filings.

## I. PROCEDURAL HISTORY

On February 9, 2011, Plaintiffs Harold Wright ("Wright") and Sydni Wright (the "Wrights") filed a complaint in King County Superior Court for the State of Washington against numerous defendants ("Defendants"). Dkt. 1, Exh A ("Comp"). The Wrights asserted a claim under 42 U.S.C. § 1983 for violations of "Harold Wright's Constitutionally protected rights of due process, freedom of association, and deprived him of his liberty and property" (*id*. ¶ 3.1), a claim under 42 U.S.C. § 1981 for interference "with Harold Wright's employment contract as a Public School employee

1  based on a protected class: his race" (*id*. ¶ 3.2), and claims for negligent training,

2  negligent retention, outrage, abuse of process, and spoliation of evidence (*id*. ¶¶ 3.3–3.7).

3        On February 24, 2011, Defendants removed the matter to this Court. Dkt. 1.

4        On May 23, 2013, Defendants filed a motion for summary judgment. Dkt. 35.

5        On June 5, 2013, Wright filed a motion to amend the complaint seeking to

6  "streamline the case." Dkt. 45 at 3. On June 14, 2013, Defendants responded (Dkt. 54)

7  and submitted evidence in support of their response (Dkts. 55 & 56).

8        On June 17, 2013, the Wrights responded to Defendnats' motion for summary

9  judgment (Dkt. 65) and filed a motion to continue Defendants' motion pursuant to Fed.

10 R. Civ. P. 56(d) (Dkt. 66). On June 19, 2013, the Court *sua sponte* removed the Wrights'

11 motion to continue from the docket because Rule 56(d) only requires an affidavit or

12 declaration, not a separate motion. *See* docket entry re: Dkt. 66.

13       On June 19, 2013, Wright filed a motion to correct incorrectly uploaded document

14 or in the alternative relief from a case schedule deadline. Dkt. 68. In this motion, the

15 Wrights' attorney declares that he accidently uploaded the wrong version of the proposed

16 amended complaint and requests that the Court accept the correct version of the amended

17 complaint. *Id*.

18       On June 21, 2013, Defendants replied to their summary judgment motion (Dkt.

19 69) and submitted evidence in support of their reply (Dkts. 70–72), and Wright replied to

20 his motion to amend (Dkt. 75).

21       On June 24, 2013, Defendants responded to Wright's motion to correct. Dkt. 76.

22

1     On June 26, 2013, Defendants filed a statement regarding their summary judgment

2 motion. Dkt. 78.

3     On June 28, 2013, Wright replied to his motion to correct (Dkt. 81) and filed a

4 surreply to Defendants' motion for summary judgment (Dkt. 83).

## II. DISCUSSION

6     As a threshold matter, the courts have adopted the rules of civil procedure and the

7 local rules of procedure in part to avoid incoherent situations created by multiple,

8 piecemeal filings. *Both* sides' failure to follow these rules necessitates this order.

9 **A.    Motions to Strike**

10     Defendants move to strike the Declaration of Barbara Corey (Dkt. 64) because it

11 "is replete with hearsay, legal conclusions, improper opinion testimony, speculation, and

12 wholly-unsupported assertions of 'fact.'" Dkt. 69 at 3. Ms. Corey is a former Pierce

13 County Prosecutor and represented Wright on appeal and for the second criminal

14 proceeding. Dkt. 64, ¶¶ 1–2. Upon review of the declaration, the Court agrees with

15 Defendants that the majority of the declaration is inadmissible evidence. Therefore, the

16 Court grants Defendants' motion to strike and the Court will not consider the declaration.

17 This does not preclude Wright from filing a declaration from Ms. Corey containing

18 admissible evidence according to the briefing schedule set forth below.

19     Wright moves to strike any reference to a statement by the victim that supposedly

20 was reviewed *in camera* by the trial judge in Wright's original criminal trial. Wright fails

21 to direct the Court's attention to the specific statements that he requests be stricken.

22

Therefore, the Court denies Wright's motion to strike.  The Court, however, will cite to admissible evidence when considering the summary judgment motion.

Defendants provided "additional authority" without explanation as to why these authorities could not have been cited in the appropriate briefs.  Dkt. 78.  This is a violation of Local Rule 7(n) because the authorities were issued well before Defendants' briefing was due.  Therefore, the Court *sua sponte* strikes this submission.

**B.     Motion to Amend**

Wright is correct that leave to amend should be freely given when justice so requires.  Dkt. 45 at 3 (citing Fed. R. Civ. P. 15).  Wright is also correct that Defendants' opposition is essentially a motion for summary judgment requesting the Court to pass upon the merits of the claims instead of attacking the sufficiency of the allegations.  *See* Dkt. 54.  Defendants even submitted evidence in support of their opposition to the proposed amendments.  *See* Dkts. 55 & 56.  This is improper as the merits and the evidence should be considered on summary judgment.  Therefore, the Court grants Wright's motion to amend the complaint.

With regard to the motion to correct a document (Dkt. 68), the Court also grants this motion in the interests of justice.  Therefore, the operative complaint is now Dkt. 68-2.  The Wrights shall file this document as a separate docket entry.

**C.     Motion for Summary Judgment**

The multiple filings in this case have resulted in piecemeal summary judgment briefing.  Upon review of the briefs and evidence of record, however, the Court finds that the summary judgment motion may still be fully considered even though the Wrights

have filed an amended complaint. In accordance with due process, the Court will allow the parties an opportunity to be heard on the altered 42 U.S.C. § 1983 claims and the new claim for defamation. Therefore, the Court renotes Defendants' motion for summary judgment and requests supplemental briefing on these issues.

### III. ORDER

Therefore, it is hereby **ORDERED** that Wright's motion to amend (Dkt. 45), and motion to correct document (Dkt. 68) are **GRANTED**, Defendants' motion to strike (Dkt. 69) is **GRANTED**, and Wright's motion to strike (Dkt. 83) is **DENIED**.

Defendants' motion for summary judgment (Dkt. 35) is renoted to be considered on the Court's August 2, 2013 calendar. Wright may file a supplemental response no longer than 12 pages no later than July 26, 2013. Defendants may file a supplemental reply no longer than 12 pages no later than August 2, 2013.

Dated this 17th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge